**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-2954
_____

VINCENT AIENNE CHAPOLINI,
Appellant

v.

ANTHONY F. CAPODANNO, #0119; THOMAS JOHNSON, (Captain) #0815,
individually and in their official capacities; KEVIN DONOHUE, #0026; UPPER
DARBY POLICE DEPARTMENT; WALTER MCDONALD, Station Security; GLENN
GAMBER, Shift Supervisor; JAMES FLORES, #0125

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-18-cv-02629)
District Judge:  Honorable Edward G. Smith

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 1, 2022

Before:  HARDIMAN, PORTER, and MCKEE, Circuit Judges

(Opinion filed: January 13, 2023)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Vincent Chapolini appeals from the District Court's order granting summary judgment in favor of defendants. On appeal, he argues that judgment for defendants on his body cavity search claim was improper. For the reasons that follow, we will affirm.

In March 2018, Chapolini went to the Upper Darby Police Department to file a police report about unauthorized video game purchases made on his account. A civilian employee ran a customary search of Chapolini's name, discovered an outstanding arrest warrant, and told uniformed Officer Anthony Capodanno about the warrant. Officer Capodanno informed Chapolini of the arrest warrant, Chapolini ran out of the lobby, and Officer Capodanno, along with Officers Kevin Donohue and Thomas Johnson, arrested him outside of the police station. The officers took Chapolini to a holding cell where the at-issue body cavity search allegedly occurred.

Through counsel, Chapolini filed a third amended and operative complaint pursuant to 42 U.S.C. § 1983 alleging, inter alia, that Officer Capodanno used excessive force in conducting an aggressive body cavity search on him and supervising officers failed to intervene. In their answer, defendants stated that Officer Donohue had conducted a pat-down search while Chapolini was in the holding cell and specifically denied the allegation that any officer conducted a body cavity search. After discovery, defendants moved for summary judgment, arguing that Chapolini failed to identify which

officer was personally involved in the body cavity search. The District Court agreed and granted summary judgment for defendants on that basis. Chapolini timely appealed.[1]

To survive summary judgment, Chapolini was required to "produce evidence supporting each individual defendant's personal involvement" in the body cavity search. Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 291 (3d Cir. 2018). Chapolini failed to do so. In his complaint, Chapolini alleged that Officer Capodanno conducted the body cavity search while other officers watched. See ECF No. 63 at p. 5. We agree with the District Court that Chapolini's deposition testimony was "more equivocal." ECF No. 92 at p. 24. At his deposition, Chapolini initially testified that Officer Capodanno was the only officer who searched him after his arrest, see ECF No. 80-2 at p. 54. Later, he presented inconsistent testimony about the condition of the search. He denied that his back was turned during the search, id. at p. 63, then, moments later, confirmed that he "definitely had [his] back turned," id., suggesting he was unable to see the searching officer. And, Chapolini affirmed that it was "fair to say" someone other than Officer Capodanno may have conducted the body cavity search. Id. Even if his equivocation was minor, see C.A. No. 18 at p. 10 (arguing that his testimony that a different officer could have conducted the search should not have "notable effect"), Chapolini reversed

---

[1] We have jurisdiction to consider this appeal under 28 U.S.C. § 1291. We review de novo the District Court's grant of summary judgment. See Dondero v. Lower Milford Twp., 5 F.4th 355, 358 (3d Cir. 2021). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

course from the allegation in his complaint when, in opposing summary judgment, he argued that Officer Donohue had conducted the body cavity search under Officer Johnson's supervision.  See ECF No. 88 at pp. 6-7.  Chapolini's failure to produce evidence about which defendant was personally involved in the body cavity search is fatal to his claim.  See Jutrowski, 904 F.3d at 289, 291.

To the extent that Chapolini challenges the District Court's ruling granting summary judgment for defendants on his failure-to-intervene claim, that argument is meritless.  A failure-to-intervene claim requires showing an underlying constitutional violation occurred, see Smith v. Mensinger, 293 F.3d 641, 650 (3d Cir. 2002), and Chapolini has made no such showing.  Accordingly, we will affirm the District Court's judgment.